**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RODNEY LESTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 C 1772 |
| v. | ) | |
| | ) | Judge John Robert Blakey |
| ROBERT WILKIE, Secretary, U.S. | ) | |
| Department of Veterans Affairs, | ) | |
| | ) | |
| Defendant. | ) | |

**THIRD-PARTY PRAVATI SPV II, LLC's MOTION TO INTERVENE TO
<u>ASSERT ITS ADVERSE CLAIM ON CERTAIN FUNDS</u>**

Third-Party Pravati SPV II, LLC ("Pravati"), through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 69(a) and 735 ILCS 5/2–1402(g), or alternatively, Federal Rule of Civil Procedure 24, hereby seeks to intervene to be allowed to file its adverse claim on proceeds that are the subject of this case. In allowing the intervention, Pravati seeks 28 days to assert its claim, for the Court to set a further schedule on Pravati's motion and interest, and for the Court to have those certain proceeds placed into escrow pending resolution of Pravati's interest.

## <u>INTRODUCTION</u>

Pravati is an Arizona-based provider of commercial funding solutions to lawyers and law firms. Justin Randolph ("Randolph"), counsel for Plaintiff, is liable to Pravati for hundreds of thousands in dollars of damages pursuant to a confirmed arbitration award. Randolph's liability arose in relation to his solicitation and receipt of more than $170,000 in legal funding from Pravati. In exchange for the capital infusion, Randolph granted Pravati a first-priority security interest ("Pravati's Interest" or "Interest") in and to all of Randolph's receivables and payment intangibles in connection with a portfolio of cases (the "Proceeds"), and agreed to pay Pravati as he generated

such revenues. In the Agreement, Respondent expressly pledged his interest in Proceeds deriving from the instant case as collateral.

Pravati's Interest has been upheld as valid and binding, pursuant to the now-confirmed Second Amended Final Award of Arbitrator entered by an American Arbitration Association ("AAA") Commercial Arbitration Tribunal ("Arbitrator") on June 7, 2021 in Case No. 01-19-0001-4311 (the "Award"). As found in the now-confirmed Award, Randolph has previously tortiously converted and disregarded Pravati's Interest in Proceeds. This case presents yet another opportunity for him to tortiously convert Pravati's collateral.

On December 23, 2021 – at the peak of the holiday season – Randolph filed a Motion to Enforce Judgment ("Motion") seeking an order from this Court which would adjudicate Pravati's Interest by directing the payment of *all* monies recovered in this litigation "to Plaintiff." [Motion, p.2]. On December 27, 2021, Randolph set an initial presentment of his Motion for January 4, 2022, providing Pravati with essentially one week ***during the holidays*** to secure Illinois counsel, attempt to get them up to speed on more than two years of sprawling litigation, and draft a persuasive position statement to intervene in this case.

Undersigned counsel was retained mere days ago. Pravati and its undersigned counsel respectfully request a fair amount of time to respond to the Motion and for the Court to set a schedule. Pravati therefore provides notice of its interest in the subject of the pending Motion, and respectfully requests that the Court grant Pravati 28 days to file its claim and to respond to the Motion, and to set a schedule to adjudicate Pravati's claim and Randolph's Motion including to conduct any discovery. To be sure, Pravati has no desire to needlessly delay Plaintiff from receiving his compensation in this matter. However, Pravati, too, has rights. Principles of fairness and due process dictate allowing Pravati such a reasonable amount of time to prepare its position and have its interest adjudicated before prejudicial action will be taken against it.

2

## BACKGROUND

### *Funding Agreement and Pravati's Interest*

The following is a summary of finding of facts and conclusions of law in the Award, attached hereto as **Exhibit A**.[1] The Award was confirmed by the Superior Court of the State of Arizona in and for the County of Maricopa on December 13, 2021. Order Granting Motion to Confirm Second Amended Final Award of Arbitration, *Pravati SPV II, LLC, v. Justin Randolph, et al.*, Case No. CV2019-014865 (Superior Court of Arizona, County of Maricopa), attached hereto as **Exhibit B**.

On December 21, 2017, Randolph entered into a Law Firm Legal Funding Contract & Security Agreement (the "Agreement") with Pravati. [Award, p. 1]. "With his application for funding, Randolph delivered [to Pravati] what was represented to be a full list of the cases he was handling, all of which were to be subject to the terms of the anticipated agreement." [Award, Findings of Fact ("FOF"), ¶ 3]. "Upon execution of the Agreement, [Pravati] lent Randolph $100,000. Randolph was obligated to pay simple interest at the annual rate of 22% for a minimum of six months, and [Pravati] funded interest at that rate, in the amount of $72,960.00, to cover the first two years of their relationship, with unearned interest to be credited in the event the indebtedness was paid off within two years. Thus, the initial amount Randolph owed as principal was $183,960.00, which includes fees of $11,000.00." [Award, FOF ¶ 4].

In return, "Randolph gave [Pravati] a security interest in his accounts receivable and general intangibles, both existing and future." [Award, FOF ¶ 6]. "He was obligated to notify

---

[1] *See* Exhibit A, p. 2 n.2 ("Findings of fact and conclusions of law are required by the arbitration agreement. To the extent any of the facts should be considered to be conclusions of law, I adopt them as such."). Accordingly, Randolph is precluded from disputing or relitigating them. *Hybert v. Shearson Lehman/American Express, Inc.*, 688 F. Supp. 320, 325 (N.D. Ill. April 14, 1988) ("Once an arbitration decision has been confirmed by a district court, it is entitled to the same preclusive effect as would be given a decision of that court.") (citing Restatement (Second) of Judgments § 84(1) (1982) ("arbitration award generally has same *res judicata* effect as court decision")).

[Pravati] of … all settlements and payments of attorney's fees he obtained, and he was prohibited from allowing any liens or encumbrances on [Pravati's] collateral that could jeopardize [Pravati's] secured position." [Award, FOF ¶ 6]. Pravati "perfected its security interest through the filing of a UCC-1 with the Illinois Secretary of State on January 3, 2018." [Award, FOF ¶ 7. A copy of UCC-1 is attached hereto as **Exhibit C**].

The instant case was expressly included in the Portfolio of Cases subject to the Agreement. [Agreement, p. 23 ("The following Cases and Related Proceedings attached hereto are subject to the Law Firm Legal Funding Contract & Security Agreement …: Rodney Lester")]. Furthermore, in the Agreement, Randolph expressly:

> warrant[ed], represent[ed] and covenant[ed] (a) that it has (and at all times during the term of this Agreement, will have) a valid and legally enforceable retainer agreement with each Client, and (b) that it has (and at all times during the term of this Agreement, will have) an enforceable lien on the proceeds of each Case in the Portfolio of Cases identified on Schedule B or otherwise pledged to Pravati under this Agreement, and (c) that all amounts owed to Law Firm by each Client are valid. The Parties acknowledge and agree that this Agreement is expressly intended to transfer, convey, Assign, encumber and relinquish control over the Proceeds and Collateral that may result from the Cases in the Portfolio of Cases and other Related Proceedings.

[Agreement, § 9].

### *Randolph's Default*

Since the time Randolph in 2017 granted Pravati its Interest, he has defaulted under the Agreement. "Randolph breached the express terms of the Agreement, was noncompliant with specific obligations imposed by it, and made inaccurate representations." [Award, Conclusions of Law ("COL") ¶ 5]. For example, "Randolph was obligated to pay [Pravati] each time he was compensated on a client matter, whether he was handling that matter on an hourly fee or contingency fee basis." [Award, FOF ¶ 8]. "Randolph received numerous payments on client matters after the effective date of the Agreement." [Award, FOF ¶ 9]. Randolph "knowingly failed

4

to" timely remit the required amounts to Pravati. [Award, FOF ¶ 9]. For example, "Randolph received one of those payments on March 4, 2019, in the amount of $300,000.00. . . None of that money was paid to [Pravati]." [Award, FOF ¶ 9.a.].

Also, under the Agreement, "Randolph was prohibited from transferring his interest or right to full payment in any 'Case' to anyone … [n]or was he permitted to cease operating his practice," the Law office of Justin G. Randolph. [Award, FOF ¶ 10]. However, as found in the now-confirmed Award, on the same date that Pravati defaulted Randolph, "Randolph ceased operating the Law Office of Justin G. Randolph as of April 2, 2019, when he and Philip Holloway formed Randolph & Holloway, LLC." [Award, FOF ¶ 11]. "Randolph [then] transferred his interest in client matters existing at the time of the formation of Randolph & Holloway to that firm." [Award, FOF ¶ 12].

"Randolph's conversion was committed in connection with his law practice and to avoid paying his debt to [Pravati]." [Award, FOF ¶ 22].

## ARGUMENT

Federal Rule of Civil Procedure 69(a) provides that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." FRCP 69(a). Therefore, pursuant to Fed. R. Civ. P. 69(a), a federal court applies Illinois law regarding enforcement of judgments. *See Dexia Credit Local v. Rogan*, 629 F.3d 612, 622 (7th Cir. 2010).

In Illinois, 735 ILCS 5/2–1402 governs supplemental proceedings. With respect to adverse claims, Section 1402(g) expressly requires the Court to "permit or require the claimant to appear and maintain his or her right" as in garnishment proceedings:

> If it appears that any property, chose in action, credit or effect discovered, or any interest therein, is claimed by any person, the court **shall**, as in garnishment proceedings, permit or require the claimant to appear and maintain his or her right. The rights of the person cited and the rights of any adverse claimant shall be asserted and determined pursuant to the law relating to garnishment proceedings.

735 ILCS 5/2–1402(g) (emphasis added). This section provides Pravati the unconditional right to appear and assert a claim "within the time the court allows", and to have the claim tried or determined.

Here, pursuant to the Agreement, Pravati has an interest against the Proceeds stemming from this litigation. [Award, FOF ¶ 6; Agreement, § 9). Randolph expressly granted Pravati a "security interest (which shall have a first lien priority)" in all Proceeds deriving from this litigation. [Award, FOF ¶ 6; Agreement, § 5, Agreement, Schedule B]. Randolph expressly represented to Pravati that he had "a valid and legally enforceable retainer agreement with each Client" and "expressly intended to transfer, convey, Assign, encumber and relinquish control over the Proceeds and Collateral that may result from [this Case] in the Portfolio of Cases." [Agreement § 9]. Pravati's dispute with Randolph was arbitrated and decided in Pravati's favor, which was subsequently confirmed by a court of competent jurisdiction. (Exs. A and B). Hence, Pravati has an interest in the Proceeds at issue.

In addition, although not necessary, because Pravati is entitled to assert an adverse interest under Federal Rule of Civil Procedure 69(a) and 735 ILCS 5/2-1402(g), Pravati would be separately entitled to intervene in this matter as a matter of right. Federal Rule of Civil Procedure 24(a) provides for intervention as of right for a non-party "who…claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2); *see Grochocinski v. Mayer Brown Rowe & Maw*, LLP, 719 F.3d 785, 798 n.9 (7th Cir. 2013). There are four

requirements to intervene as a right: "(1) the application must be timely; (2) 'the applicant must claim an interest relating to the property or transaction which is the subject of the action;' (3) 'the applicant must be so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest;' and (4) 'existing parties must not be adequate representatives of the applicant's interest.'" *Heartwood, Inc. v. United States Forest Service, Inc.*, 316 F.3d 694, 700 (7th Cir. 2003) (quoting *Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 945-46 (7th Cir. 2000)).

Here, Pravati easily satisfies all four requirements. First, Pravati timely filed this motion as quickly as was possible after receiving Plaintiff's Motion and before initial presentment of Plaintiff's Motion. Second, Pravati has an interest against the Proceeds stemming from this litigation. Third, the disposition of the Motion would adjudicate and impair Pravati's Interest by directing the payment of *all* monies recovered in this litigation "to Plaintiff." Finally, no existing party adequately represents Pravati's interest. Indeed, Randolph's interest in the Motion is directly adverse to Pravati's interest, which interest Randolph has previously disregarded.

Furthermore, and in the event Pravati is not entitled to intervene as of right, the Court should nevertheless permit intervention under Federal Rule of Civil Procedure 24(b), which provides "[t]he court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1); *City of Chicago v. FEMA*, 660 F.3d 980, 986 (7th Cir. 2011). As demonstrated above, Pravati has an interest in the Proceeds from this litigation. If the Court orders Defendant to pay Plaintiff "immediately," given Randolph's prior conduct, including "conversion . . . committed in connection with his law practice and to avoid paying his debt to [Pravati]", Randolph will likely again take monies from the Proceeds that are due Pravati.

7

As reflected in this Court's June 1, 2021 Order, this Court awarded "$280,339.00 in agreed attorney's fees." [ECF 125]. However, the exact amount to which Randolph is entitled to receive is governed by the retainer agreement between Randolph and Plaintiff, and such agreement remains in Randolph's possession. Pravati thus needs additional information and/or discovery to determine the full scope of its interest in this matter. As the Arbitrator found: "Randolph received numerous payments on client matters," but he "knowingly failed" to pay Pravati.

<u>**CONCLUSION**</u>

For the foregoing reasons, Pravati respectfully requests that:

(i)    Pravati is granted leave to intervene in this case;

(ii)   Pravati has 28 days to file its claim and to respond to Randolph's Motion and for the Court to set any appropriate briefing schedule on Pravati's claim and Randolph's Motion;

(iii)  The Court set a schedule to adjudicate Pravati's claim and Randolph's Motion including to conduct any discovery; and

(iv)   The Court enter any further relief that the Court deems just and proper.

Date:  January 3, 2022                          Respectfully Submitted,

                                                PRAVATI SPV II, LLC

                                                */s/ Howard Jeruchimowitz*

                                                Howard Jeruchimowitz (ARDC 6243182)
                                                Martin Kedziora (ARDC 6300162)
                                                Michael T. Baier (ARDC 6317769)
                                                **GREENBERG TRAURIG, LLP**
                                                77 West Wacker Drive, Suite 3100
                                                Chicago, IL 60601
                                                Phone: (312) 456-8400
                                                Fax: (312) 456-8435
                                                jeruchimowitzh@gtlaw.com
                                                kedzioram@gtlaw.com
                                                baierm@gtlaw.com

                                                *Counsel for Pravati SPV II, LLC*

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was electronically filed on

January 3, 2022 with the Clerk of the Court using the CM/ECF system which will send notification

of such filing to the following:

> Justin Giles Randolph
> Philip Stephens Holloway
> Randolph & Holloway, LLC
> 53 W. Jackson Blvd
> Suite 1234
> Chicago, IL 60604
> (312) 663-1560
> Email: justin@randolph-holloway.com
> Email: philipholloway@aim.com
>
> *Counsel for Plaintiff*

> Erin Elaine Kelly
> Prashant Kolluri
> Megan Elizabeth Donohue
> Thomas P. Walsh
> United States Attorney's Office
> 219 S. Dearborn Street
> Room 500
> Chicago, IL 60604
> 312 886 9083
> Email: erin.kelly@usdoj.gov
> Email: prashant.kolluri@usdoj.gov
> Email: Megan.Donohue@usdoj.gov
> Email: thomas.walsh2@usdoj.gov
>
> *Counsel for Defendant*

*/s/ Howard Jeruchimowitz*